IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CRISTIAN LEBRÓN-MARTÍNEZ

**Plaintiff**

v.

UNITED STATES OF AMERICA

**Defendant**

**CIVIL NO.** 18-1196(RAM)

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Petitioner Cristian Lebrón-Martínez's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("§ 2255 motion") filed on April 9, 2018. (Docket No. 1). Petitioner contends he was denied effective assistance of counsel. Id. 1 at 4. He also contends the sentencing court did not adequately explain its reasons for imposing a sentence constituting an upward variance as to Count Five of his indictment. Id. At 5. Having analyzed Petitioner's contentions and the Government's response in opposition, the Court **DENIES** Lebrón-Martínez's § 2255.

---

[1] Ella Scholz, a rising second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 2 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 2 of 18
Civil No. 18-1196 (RAM)                                            2

## I. BACKGROUND

**A. Criminal Case No. 16-cr-0401 (CCC)**

On March 13, 2017, Petitioner Cristian Lebrón-Martínez ("Petitioner" or "Lebrón-Martínez") pled guilty to Counts Two and Five of a six-count indictment pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(B). (Docket No. 28 at 1). Count Two charged him with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Id. at 1. Count Five charged him with possession of a firearm and ammunition in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Id. at 2. As part of the plea agreement, the remaining counts were dismissed. Id. at 5, 8.

Turning to sentencing, the terms of the plea agreement were as follows. As to Count Two, the 21 U.S.C. § 841(a)(1) predicate offense, the parties agreed to jointly recommend a sentence based on an offense level of 12. Id. at 5. As to Count Five, the 18 U.S.C. § 924(c)(1)(A) firearm offense, the parties agreed to recommend a sentence of seventy-eight (78) months. Id. On June 13, 2017 Lebrón-Martínez was sentenced to a twelve (12) month term of imprisonment as to Count Two and a seventy-eight (78) month term of imprisonment as to Count Five to be served consecutively for a total of ninety (90) months. (Docket Nos. 38-39).

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 3 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 3 of 18
Civil No. 18-1196 (RAM)                                              3

**B. Civil Case No. 18-1196 (RAM)**

After Lebrón-Martínez signed the plea agreement but before he was sentenced, the United States Supreme Court decided Dean v. United States. *See* Dean v. United States, 137 S.Ct. 1170 (2017). In Dean, the Supreme Court held that sentencing judges **may** consider the mandatory minimum sentence required by a § 924(c) firearm charge when imposing a sentence for its predicate offense. Id. at 1177. Thus, for instance, a judge is free to impose a one-day sentence for the predicate charge to a § 924(c) firearm charge if the sentence imposed by the firearm charge is a sufficient sentence. Id. at 1177-78.

In his § 2255 motion, Petitioner requests that his sentence be vacated and his case be remanded for resentencing. (Docket 1-1 at 4). Lebrón-Martínez's first ground for resentencing is that he was denied effective assistance of counsel. Id. Regarding this claim, his § 2255 motion states:

> Counsel failed to explore the Supreme Court holding of DEAN v. UNITED STATES, 137 S.Ct. 1170 (2017), to see if the decision applied to him at sentencing. This failure may have lead [sic] the district court to commit procedural error by inadequately explaining its reasons for imposing an upward variance in Count Five.

(Docket No. 1 at 4).

Petitioner's second ground maintains he is entitled to resentencing as "[t]he district court did not explain its reasoning for upward varying from the statutory mandatory minimum sentence

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 4 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 4 of 18
Civil No. 18-1196 (RAM)                                                4

of 60 months to a sentence of 78 months for a § 924(c) violation." Id. at 5.

On January 4, 2019, Defendant United States of America ("the Government") filed a response to Petitioner's § 2255 motion ("*Response*"). (Docket No. 12). In replying to Petitioner's first ground, the Government contends that Dean is inapplicable to Petitioner's case because its holding is not retroactive on collateral review. Id. at 3. It also posits that Dean has no bearing on a sentence for a § 924(c) firearm charge, as Dean's holding applies only to the imposition of a sentence on an underlying offense. Id. at 6. Finally, it states that Lebrón-Martínez's claim for ineffective assistance of counsel fails under both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Id. at 5. The Government offered no rebuttal to Petitioner's second ground for resentencing.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner who is in custody under a sentence imposed by a Federal Court may move to vacate, set aside, or correct his sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 5 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 5 of 18
Civil No. 18-1196 (RAM)                                                5

A petitioner's post-conviction request for relief "must show that his sentence 'reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice.'" Gomez-Olmeda v. United States, 2021 WL 785725, at *2 (D.P.R. 2021) (quoting Gandia-Maysonet v. United States, 2020 WL 5646457, at *2 (D.P.R. 2020)). The burden of establishing such a defect falls on the petitioner. Id. Moreover, a hearing on a § 2255 petition is generally not necessary when the motion "is inadequate on its face." Id. (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). Nor is a hearing necessary when there are no factual issues to be resolved. Id. (quoting Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977)) ("Where there are no disputed facts crucial to the outcome, leaving only questions of law, [§] 2255 does not require a hearing; the motion may be decided [. . .] without oral presentation.").

### III. DISCUSSION

Neither party has requested a hearing, nor is it necessary to hold one. Petitioner's § 2255 motion does not require resolving any factual issues, as Lebrón-Martínez has only presented legal issues. *See* Forteza-Garcia v. United States, 2021 WL 784875, at *2 (D.P.R. 2021); *see also* Gomez-Olmeda, 2021 WL 785725, at *2.

**A. Ground One: Ineffective Assistance of Counsel**

**(1) Dean is inapplicable because Petitioner seeks the reduction of a sentence on a firearm charge.**

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 6 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 6 of 18
Civil No. 18-1196 (RAM)                                              6

In the case at bar, Petitioner seeks resentencing in the hopes of reducing the seventy-eight (78) month sentence on his § 924(c) firearm charge to the mandatory minimum set forth in the United States Sentencing Guidelines, which is sixty (60) months. (Docket No. 1-1 at 7). In his § 2255 motion, Petitioner claims:

> Had counsel informed all parties of the DEAN holding, there is a reasonable probability [sic] that the outcome of the sentencing hearing may have been different and the sentencing judge may have only sentenced Petitioner in Count 5 to 60 months as opposed to 78 months for a § 924(c) violation.

Id.

The Supreme Court's decision in Dean established that judges may consider the mandatory minimum sentence imposed for a § 924(c) firearm charge "when calculating an appropriate sentence for the predicate offense." Dean, 137 S.Ct. at 1177. Thus, the petitioner in Dean was able to be resentenced, as his sentencing judge had specifically stated he had chosen the sentence for the petitioner's underlying (otherwise known as predicate) offense under the belief that he was required to disregard the mandatory minimum sentence for petitioner's firearm charge. Id. at 1175.

As previously stated, Lebrón-Martínez seeks a resentencing in the hopes of reducing the sentence for his § 924(c) *firearm charge*. (Docket 1-1 at 7). **He does not seek a reduction of the sentence for his underlying offense**, which is "possession with intent to distribute cocaine base" charge pursuant to § 841(b)(1)(C). Thus,

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 7 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 7 of 18
Civil No. 18-1196 (RAM)                                            7

the Government correctly posits that Dean's holding is inapplicable to Petitioner's claims. (Docket No. 12 at 6). The Government failed to cite case law in support of its position, but the District Court for the District of Colorado reached a similar conclusion when it held in United States v. Ramirez that "[m]ovant argues that he should receive a lower sentence on Count 5, which is the § 924(c) firearm charge that carries a statutory mandatory minimum sentence. However, nothing in *Dean* would allow a court to impose a lower sentence for a § 924(c) violation." United States v. Ramirez, 2018 U.S. Dist. LEXIS 108226, at *5 (D. Colo. 2018).

Other cases citing Dean, as well as Dean itself, employ language indicating that Dean's holding is helpful only when seeking a reduction of the sentence of a **predicate** offense. *See* Dean, 137 S.Ct. at 1176-77 (emphasis added). For example, the District Court for the Northern District of Georgia summarized Dean's holding as follows: "[i]n Dean, the Supreme Court held that a sentencing court could consider a defendant's mandatory minimum term of imprisonment *when determining an appropriate sentence for the predicate offense*." United States v. Valladarez, 2017 U.S. Dist. LEXIS 72217, at *6 (N.D. Ga. 2017) (emphasis added). Likewise, the Circuit Court of Appeals for the Eleventh Circuit stated: "Dean does not require sentencing courts to consider mandatory minimum sentences under § 924(c) *when calculating the sentence for predicate counts*; rather, *Dean* emphasizes the

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 8 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 8 of 18
Civil No. 18-1196 (RAM)                                                  8

district court's 'long enjoyed discretion' and held that mandatory minimum consecutive sentences under § 924(c) *may* (not must) be considered." United States v. Perez, 744 F. App'x 624, 627 (11th Cir. 2018) (quoting Dean, 137 S.Ct. at 1175-77) (emphasis added).

The language employed in these cases shows that the conclusion arrived at in Ramirez, which to reiterate concluded that "nothing in *Dean* would allow a court to impose a lower sentence for a § 924(c) violation[,]" is not unfounded. *See* Ramirez, 2018 U.S. Dist. LEXIS 108226, at *5. Consequently, Dean cannot provide any remedy to Petitioner, who ultimately seeks a reduction of the sentence for his § 924(c) firearm charge. (Docket No. 1-1 at 7). The Court need not reach the Government's argument that Dean is not retroactively applicable.

**(2) The Petition does not meet the Strickland standard for claims of ineffective assistance of counsel**

Petitioner claims he was denied effective assistance of counsel because his counsel failed to bring Dean before the Court's attention to determine if its holding applied to him. (Docket No. 1 at 4). However, even if Dean's holding *might* have applied to Lebrón-Martínez, his claim for ineffective assistance of counsel fails under both prongs of the Strickland standard. *See* Strickland, 466 U.S. 668. Pursuant to Strickland, Lebrón-Martínez can prevail in a claim for ineffective assistance of counsel, provided he shows: "[1] that his 'counsel's representation fell below an

Case 3:16-cr-00401-PAD Document 71 Filed 08/12/21 Page 9 of 18
Case 3:18-cv-01196-RAM Document 16 Filed 08/12/21 Page 9 of 18
Civil No. 18-1196 (RAM) 9

objective standard of reasonableness' and [2] that such deficiency prejudiced him." Camacho-Santiago v. United States, 2021 U.S. Dist. LEXIS 41276, at *7 (D.P.R. 2021) (quoting Feliciano-Rodríguez v. United States, 986 F.3d 30, 36 (1st Cir. 2021)). Either prong of the Strickland standard can be addressed first, and failure to satisfy either one is fatal. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (abrogation on other grounds recognized by United States v. Faust, 853 F.3d 39 (1st Cir. 2017)).

Strickland's first prong is surpassed in cases where "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, the Court must determine whether counsel's failure to mention Dean during Petitioner's sentencing fell below said standard. Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Likewise, the Court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Casey v. United States, 2021 WL 1821899, at *2 (D.P.R. 2021) (quoting Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014)). Indeed, the First Circuit has held that an attorney's performance can be found deficient only where "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney

Case 3:16-cr-00401-PAD Document 71 Filed 08/12/21 Page 10 of 18
Case 3:18-cv-01196-RAM Document 16 Filed 08/12/21 Page 10 of 18
Civil No. 18-1196 (RAM) 10

would have made it[.]" Feliciano-Rodriguez, 986 F.3d at 37 (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).

Regarding Dean and the first Strickland prong, the District Court for the Middle District of Pennsylvania found that:

> [C]ounsel's reluctance to cite the *Dean* case or argue for a downward departure **is not a sufficient basis for finding he failed to offer counsel to the defendant**. Counsel's decision not to cite a particular case or raise a particular argument may very well have been a strategic choice meriting deference by the court.

United States v. Waters, 2020 U.S. Dist. LEXIS 116479, at *12 (M.D. Pa. 2020) (emphasis added). Thus, in Waters, counsel's performance was not deemed deficient just because he failed to cite Dean. Id. at *5.

Nor does the Court find that Petitioner's counsel in the case at bar provided ineffective assistance of counsel to Petitioner. Counsel's failure to cite Dean at Petitioner's sentencing was not unreasonable, considering that Dean's holding is not helpful to petitioners who seek a reduction of a sentence that is not a predicate offense. *See e.g.*, Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that "[t]rial counsel was under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel."); *see also* Ramirez, 2018 U.S. Dist. LEXIS 108226, at *5.

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 11 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 11 of 18

Civil No. 18-1196 (RAM)                                              11

Moreover, the Government contends that if Petitioner's counsel *had* brought Dean to the sentencing hearing, in hopes of reducing Petitioner's sentence for his § 924(C) firearm charge, it might have proven *prejudicial* to Petitioner as it would have constituted a breach of the plea agreement. (Docket No. 12 at 6). *See e.g.,* Rodriguez-Castro v. United States, 2017 WL 11489765, at *3 (D.P.R. 2017), report and recommendation adopted, 2018 WL 10299761, at *3 (D.P.R. 2018) (holding that counsel did not provide ineffective assistance for failing to object to the quantity of narcotics stipulated to in the plea agreement, since seeking an adjustment or departure would have constituted a breach of said plea agreement).

Ultimately, the parties to the plea agreement agreed to recommend seventy-eight (78) months of imprisonment to be served for the § 924(c) charge, Count Five of the indictment, and agreed that Petitioner could not argue for a term of imprisonment under the stipulated sentence without potentially breaching his plea agreement. (Case No. 16-cr-0401, Docket No. 28 at 5-6). As such, it becomes even more difficult to find that a failure to cite Dean at Petitioner's sentencing hearing was unreasonable to the extent that "no competent attorney" would have made the same decision. *See* Feliciano-Rodriguez, 986 F.3d at 37. Thus, Petitioner's contentions about his counsel's ineffective assistance fail to surpass Strickland's first prong.

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 12 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 12 of 18
Civil No. 18-1196 (RAM)                                              12

As to the second Strickland prong, Petitioner can only surpass it by showing that his counsel's actions resulted prejudicial to him. *See* Strickland, 466 U.S. at 691-692. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The First Circuit has further specified that, "[t]o demonstrate prejudice, [Petitioner] must 'show a reasonable probability that the end result of the criminal process would have been more favorable' but for defense counsel's deficient performance." Carrigan, 724 F.3d at 44 (quoting Missouri v. Frye, 566 U.S. 134, 147 (2012)).

As previously discussed, Dean does not support any argument for a reduction of a sentence imposed on a § 924(c) firearm charge. *See e.g.,* Ramirez, 2018 U.S. Dist. LEXIS 108226, at *5. To the contrary, Dean benefits those who seek a reduction of a sentence for a predicate offense upon which a § 924(c) firearm charge is based, here the § 841(a)(1) violation. Therefore, a failure to cite Dean can hardly be construed as having resulted prejudicial to Petitioner, as Petitioner's sentence regarding his firearm charge could not have been reduced based on Dean's holding.

Petitioner's claim for ineffective assistance of counsel fails on the second Strickland prong as well given that Petitioner

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 13 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 13 of 18
Civil No. 18-1196 (RAM)                                              13

failed to prove that his counsel's representation proved prejudicial. *See e.g.*, Elizee v. United States, 2020 U.S. Dist. LEXIS 89897, at *30-31 (S.D. Fla. 2020) (rejecting an ineffective assistance claim after holding that counsels' alleged failure to cite Dean was not prejudicial to the defendant); *see also* Rodriguez-Castro, 2017 WL 11489765, at *3 (holding that petitioner failed to comply with Strickland's prejudice test because he was "sentenced to 120 months pursuant to the parties' stipulations in the Plea Agreement … [and he] fail[ed] to establish that the Court would have accepted different terms of the Plea Agreement and that the judgment and sentence imposed would have been less severe.").

### B. Ground Two: Lack of Explanation of an Upward Variance

Lebrón-Martínez also claims he is entitled to resentencing, because "[t]he district court did not explain its reasoning for upward varying from the statutory mandatory minimum sentence of 60 months to a sentence of 78 months for a § 924(c) violation." (Docket No. 1 at 5).

A sentence imposed inside or outside the guidelines range is reviewed under the abuse-of-discretion standard. *See* Gall v. United States, 552 U.S. 38, 51 (2007). Under this standard, a court "must first ensure that the district court committed no significant procedural error." Id. Faced with a sentence is outside the United States Sentencing Guidelines range, a reviewing court "may not apply a presumption of unreasonableness. It may consider the extent

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 14 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 14 of 18
Civil No. 18-1196 (RAM)                                              14

of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

The First Circuit has held that "since a mandatory minimum sentence under section 924(c) is the recommended guideline sentence, a reviewing court should treat any sentence above that statutory mandatory minimum as an upward variance." United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015). Consequently, Petitioner's seventy-eight (78) month sentence for his § 924(c) charge constitutes an upward variance as it is above the sixty-month statutory mandatory minimum. (Docket 1-1 at 2). The twelve (12) month sentence Petitioner received for his § 841(b)(1)(C) charge is not an upward variance. Nor did Petitioner argue as much in his § 2255 Motion. Id.

The imposition of an upwardly variant sentence requires an explanation by the sentencing judge. *See* Gall, 552 U.S. at 51 (holding that it is a procedural error to "[fail] to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."); *see also* United States v. Gierbolini-Rivera, 900 F.3d 7, 11-12 (1st Cir. 2018) ("First, we ensure the district court did not commit any procedural errors, such as [. . .] failing to adequately explain the chosen sentence.") (quotation omitted) (internal quotation marks omitted). Moreover, a sentencing court's failure to adequately

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 15 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 15 of 18
Civil No. 18-1196 (RAM)                                              15

justify an upward variance entitles a petitioner to a resentencing. *See e.g.*, United States v. Rivera-Berríos, 968 F.3d 130, 137 (1st Cir. 2020) (ordering a resentencing due to the lack of explanation for the imposition of an upward variance); *see also* United States v. Rivera-Gonzalez, 809 F.3d 706, 712 (1st Cir. 2016).

However, the First Circuit has made clear that the requisite explanation for an upward variance "need not 'be precise to the point of pedantry.'" United States v. Vargas-Garcia, 794 F.3d 162, 166 (1st Cir. 2015) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006)). Instead, when reviewing a sentence for reasonableness, the First Circuit "look[s] for 'a plausible explanation and a defensible overall result.'" United States v. Zapete-Garcia, 447 F.3d 57, 59 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). As a result, "a sentencing court's burden to explain its sentence increases the more that it deviates from the guideline range." United States v. Matos De-Jesús, 856 F.3d 174, 179 (1st Cir. 2017) (citation omitted).

As such, Lebrón-Martínez's upwardly variant sentence on his § 924(c) charge could be deemed procedurally unreasonable if it was not accompanied by an adequate explanation. Having examined the transcript of Petitioner's sentencing hearing, this Court finds that the sentencing judge *did* provide an adequate explanation as to the upward variance imposed on Petitioner for his § 924(c)

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 16 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 16 of 18

Civil No. 18-1196 (RAM)                                             16

charge. During the sentencing hearing, the sentencing court discussed Lebrón-Martínez's history of substance abuse **and** the fact that he was being sentenced for his sixth conviction. (Case No. 16-cr-0401, Docket No. 70 at 9). Though the discussion of these factors was brief, it was adequate, bearing in mind that "we must afford due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Santa-Soler, 985 F.3d 93, 97 (1st Cir. 2021) (quoting United States v. Miranda-Díaz, 942 F.3d 33, 42 (1st Cir. 2019)) (internal quotation marks omitted).

The adequacy of the sentencing judge's explanation is further buttressed by the fact that the variance imposed on Petitioner was not extensive, as it was only eighteen (18) months above the sixty (60) month mandatory minimum. Hence, a particularly extensive explanation for its imposition was not required.

Moreover, Petitioner entered a plea agreement under Fed. R. Crim. P. 11(c)(1)(B) in which he and the Government agreed to recommend a sentence of seventy-eight (78) months on his § 924(c) charge, and this was the precise sentence imposed by the sentencing judge. (Case No. 16-cr-0401, Docket Nos. 28 at 5; 38-39). The District Court for the District of Puerto Rico has held that "[a] plea constitutes 'a grave and solemn act to be accepted only with care and discernment.'" United States v. Rivera-Berney, 876 F. Supp. 2d 128, 131 (D.P.R. 2012) (quoting Brady v. United States,

Case 3:16-cr-00401-PAD Document 71 Filed 08/12/21 Page 17 of 18
Case 3:18-cv-01196-RAM Document 16 Filed 08/12/21 Page 17 of 18
Civil No. 18-1196 (RAM) 17

397 U.S. 742, 748 (1970)). In turn, it is well established that plea agreements should be interpreted according to contract law principles. *See e.g.*, United States v. O'Farrill-López, 991 F.3d 45, 48 (1st Cir. 2021) ("Courts interpret plea agreements according to traditional contract-law principles.") (citing Garza v. Idaho, 139 S.Ct. 738, 744 (2019)). Therefore, "[d]efendants ordinarily should be held to plea-agreement terms that they knowingly and voluntarily accept," and Petitioner has not shown he signed the plea agreement involuntarily or unknowingly. United States v. Diaz-Sanchez, 561 F. Supp. 2d 154, 156 (D.P.R. 2008) (quoting United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001)).

Ultimately, Petitioner is at odds with himself by taking issue with a purported lack of explanation for the imposition of the exact sentence he agreed to recommend. (Case No. 16-cr-0401, Docket No. 28 at 5). This goes against First Circuit precedent that "[a] plea agreement is akin to a contract, 'binding upon the prosecution and the defense alike.'" United States v. Rivera-Rodriguez, 489 F.3d 48, 59 (1st Cir. 2007) (quoting Teeter, 257 F.3d at 28). Thus, it becomes even more difficult to find an abuse of discretion in the imposition of Petitioner's upwardly variant sentence. "**In short, [Lebrón-Martínez] got what he bargained for**." Martinez-Rosado v. United States, 2005 WL 1642219, at *3 (D.P.R. 2005), report and recommendation adopted, (D.P.R. 2005) (emphasis added).

Case 3:16-cr-00401-PAD   Document 71   Filed 08/12/21   Page 18 of 18
Case 3:18-cv-01196-RAM   Document 16   Filed 08/12/21   Page 18 of 18
Civil No. 18-1196 (RAM)                                              18

For these reasons, Petitioner does not have a right to resentencing due to a lack of explanation for the imposition of a variant sentence.

## IV. CONCLUSION

Based on the foregoing, Petitioner Cristian Lebrón-Martínez's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Docket No. 1) is **DENIED**. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit in accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgement of dismissal **WITH PREJUDICE** will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of August 2021.

<u>S/ RAÚL M. ARIAS-MARXUACH</u>
United States District Judge